[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Audrey Schaller, brings this action seeking a Declaratory Judgment as to the issuance of a building permit and/or certificate of occupancy by the defendants, town of Newington, by its zoning enforcement officer, Wayne Bell, to defendant, Jonathan Vosberg; and, she also seeks a mandamus to overcome these defendants' refusal to issue a cease and desist order addressed to premises known as 14 Ridgewood Road, Newington, Connecticut, and also known as Lot #4, presently owned by the defendant, Jonathan Vosberg.
The court, Judge Robert Holzberg, in ruling on defendant's Motion for Summary Judgment, and on plaintiff's Motion to Amend Complaint, granted summary judgment on the count wherein the plaintiff sought a mandamus order against the defendants, town of Newington and Wayne Bell. The court also ordered that the plaintiffs claim for damages in the prayer for relief be stricken. The court further noted that the only outstanding issue remaining to be tried was whether the lots in question (Lots 2 and 4) were merged through the intent of the owners, Adele and Lester Fieneman, or one of them.
Therefore, with regard to that issue of intent to merge the Lots 2 and 4, the following facts are pertinent:
The two parcels of land at issue with regard to the merger are Lots 2 and 4. A third lot, that of the plaintiff, is Lot 6, which abuts Lot 4 on the north. The geographical location of these lots is on the east side of Ridgewood Road, which runs north and south. The title to these lots from south to north is: CT Page 11870 Lot 2, Adele Fieneman; Lot 4, Jonathan Vosberg; and, Lot 6, Audrey Schaller. The issue of merger relates to the period of time when Lots 2 and 4 were owned by Adele and Lester Fieneman from the time they purchased Lot 4 to the time of sale of Lot 4 to Jonathan Vosberg by Adele Fieneman. Lester's interest in Lots 2 and 4 was transferred to her by Lester in July 1981.
Adele and Lester Fieneman owned Lots 2 and 4 from July 1953 to July 1981 when Lester Fieneman transferred his interest in each of the two lots to Adele by separate quitclaim deeds. Adele Fieneman sold Lot 4 to the defendant, Jonathan Vosberg, on July 25, 1995.
During the approximately 42-year period during which Adele had a title interest in Lot 4, her husband, Lester, took care of the grounds of both Lot 2 and Lot 4. He mowed the lawn, planted shrubs and trees. He also had a small toolshed on Lot 4. The Fienemans did use Lot 4 on occasion when entertaining guests. It was kept neat with the grass cut and hedges trimmed by Lester. When it was referred to in conversation, it was as "the lot", a separate section from that of Lot 2, on which was located the home of the Fienemans. They thought of and dealt with Lot 4 as a separate and distinct lot when Adele Fieneman, in a conversation with the plaintiff, Audrey Schaller, offered to sell Lot 4 to her, suggesting it would be an investment for her children, or one of them, when they grew up. The plaintiff was not interested at that time since her children were quite young. Some years later, however, she did indicate an interest in purchasing the lot and discussed that possibility with Mrs. Fieneman. However, price could not be agreed upon. Furthermore, in 1990, when the town of Newington carried out its decennial property assessment, it combined both Lots 2 and 4 onto a single assessment card. When Mrs. Fieneman objected to that, the assessor's office corrected its records to list them as separate parcels, each on its own card.
Subsequently, at Adele Fieneman's request, Wayne T. Bell, Newington's chief building official/zoning administrator, researched the town records and reached the opinion that Lots 2 and 4 were not merged and that each was a separate, approved building lot. On September 24, 1993, he informed Adele Fieneman, by letter, of his conclusion. (See Plaintiff's Exhibit 10.)
The defendant, Jonathan Vosberg, prior to purchasing, checked with various town officials, including Wayne Bell, as well as the town assessor, Anthony Homicki. Based upon notification that the CT Page 11871 town of Newington had no information that would forestall the issuance of the necessary permits and approvals for the construction of a residential building, he purchased Lot 4 from Adele Fieneman. Upon receiving the required pre-construction permits and approvals from the town of Newington, he constructed the residence now situated on lot 4.
The plaintiff, Audrey Schaller, contends, inter alia, that the merger of Lots 2 and 4 occurred resulting from the intent of the title holders to those lots as indicated from the long-term ownership — 42 years by Adele Fieneman; the use of the lots as one parcel; the payment of taxes as a combined parcel, etc.
The plaintiff points to a specific action where it was testified by Nina Varley that she recalls seeing some digging going on in the area to the rear of the Fieneman's house and extending into Lot 4; that she understood this digging was to install a leaching field for the Fieneman's septic waste water. Although this occurred approximately 30 years previously, Nina Varley was quite sure of the area in which the leaching field was located, the fact that it was a leaching field, and the fact that it extended into Lot 4.
Testimony by the defendant Vosberg, the owner of Lot 4, and the builder of the house on that lot was to the effect that the area, described by Nina Varley as the location of the leaching field installation, was dug up for the installation of a sewer line from the house on Lot 4 through a right-of-way across Lot 2 to reach a sewer line entering into the municipal sewer line. There were no indications of a leaching field installation.
Where, as is the situation here, an owner of contiguous parcels of land may merge them into a single parcel if that is his intent, that intent may be inferred from his conduct with respect to the land and the use which he makes of it. Schultz v.Zoning Board of Appeals, 144 Conn. 332, 338 (1957). On the other hand, the intent to merge or not to merge may be inferred from the actions of the owner.
Taking into consideration all the testimony presented to the court, examination of the exhibits admitted as evidence, and hearing the arguments advanced by counsel as well as reviewing their briefs, the court finds that the plaintiff has failed to prove her allegations set out in her complaint, as amended, by a fair preponderance of the evidence. CT Page 11872
Therefore, judgment is to enter for all the defendants, together with court costs.
Kremski, J. Judge Trial Referee.